On appellant's petition for reconsideration filed April 2, and respondents' memorandum in opposition filed April 15, reconsideration allowed; opinion (147 Or App 203, 935 P2d 457) modified and adhered to as modified May 28, petition for review denied July 29, 1997 (325 Or 621)

Mary E. BLANDAU,
Personal Representative of the Estate
of Richard L. Blandau, Deceased,
*Appellant,*

*v.*

Ronald L. RENNICK;
and DWT Oregon Corp.;
Davis Wright Tremaine,
a General Partnership,
*Respondents.*

(94-CV-414; CA A90655)

940 P2d 242

Richard H. Berman and Blackhurst, Hornecker, Hassen & Ervin B. Hogan for petition.

Darleen Darnall and Davis Wright Tremaine *contra.*

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiff moves for reconsideration of this case in which we concluded that the trial court did not err in denying specific performance of a partnership dissolution agreement, because the partnership was dissolved before the agreement took effect. *Blandau v. Rennick*, 147 Or App 203, 935 P2d 457 (1997). We grant reconsideration, modify our opinion and otherwise adhere to the result.

Plaintiff raises several issues in her motion for reconsideration. We address only one and reject the others. Plaintiff points out that in our opinion, we stated that "[t]he agreement could be enforceable against the heirs and assigns only if, or when, the condition precedent to its *formation* occurred." 147 Or App at 215 (emphasis supplied). Plaintiff argues that the release on the loan obligation was only a condition precedent to *performance* of the agreement's provisions. We agree and modify that portion of our opinion to state that "[t]he agreement could be enforceable against the heirs and assigns only if, or when, the condition precedent to the performance of those provisions occurred."

Reconsideration allowed; opinion modified and adhered to as modified.